# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE:

KEESHA P. THOMPSON                 Case No. 05-62731

      Debtor(s).                      Chapter 13 (JUDGE CALDWELL)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

KEESHA P. THOMPSON
3140 Sandridge Ave.
Columbus, OH 43224

      Plaintiff(s),

                                              Adv. Pro. No.

vs

US BANK HOME MORTGAGE
4801 Frederica Street
Owensboro, KY 42301

      Defendant(s).

## COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT
## OF LIEN OR OTHER INTEREST IN PROPERTY OF DEBTOR

1. Plaintiff(s), Keesha P. Thompson, 3140 Sandridge Ave., Columbus, Ohio 43224, is the Debtor(s) in the above captioned proceedings. Debtor is seized of certain real property listed in her Schedule A and being more particularly described in a deed filed for record as Instrument No. 199907150180368, Recorder's Office, Franklin County, Ohio. In an appraisal dated August 8, 2005 and filed with this Court, the value of said real estate was established at $92,000.00.

2. Defendant, U.S. Bank Home Mortgage (hereinafter, "Mortgagee"), is a creditor of Debtor and is the holder of a secured claim for which the Debtor's residence serves as collateral.

3. This is an action under 11 U.S.C. § 506 and B.R. 7001(2) for a determination of the validity, priority, or extent of lien or other interest in property of debtor. This court has jurisdiction under 28 U.S.C. § 1334, and this Complaint constitutes a core proceeding.

4. Plaintiff states that the basis of her claim is as follows:

a. According to the Chapter 13 Trustee's records, the payoff on Debtor's plan is $6,708.11, more or less.

b. Debtor's plan payments included payments on the mortgage owed to Mortgagee "passed through" his office as conduit payments to said creditor. According to the attached Exhibit A, Debtor owed the September payment, which the Chapter 13 Trustee paid over, and payments from October, 2010 forward. Other fees and expenses appearing on the said statement are not explained and are disputed. Debtor asserts that the additional unspecified additions to this claim are impeding the successful completion of her plan.

c. Mortgagee holds $632.59 in a "suspense account" and has neglected and refused to apply said suspense funds to Debtor's mortgage. This results in an artificial increase in Debtor's payoff balance since the amount actually owed to Mortgagee is less than that which is reflected on the records of the Chapter 13 Trustee.

d. This Court should issue a judgment finding that as of October, 2010, Plaintiff is and should be deemed to have paid all funds owed to Mortgagee pursuant to the plan so as to enable her to pay over to the Chapter 13 Trustee the funds due and owing to the unsecured creditors and that she may obtain the discharge for which she has diligently worked for the past five years.

e. Debtor prays for a judgment from this Court that once Debtor has tendered the balance due on her plan on account of her unsecured creditors, that Debtor's real estate mortgage

should be deemed current, including all escrows for taxes, insurance and other items of expense to be paid to third parties, as of November, 2010.

WHEREFORE, Plaintiff prays that this Court issue a declaratory judgment finding that as of November, 2010, Plaintiff has paid over to Mortgagee all payments due to it pursuant to the plan; that Debtor's real estate mortgage should be deemed current, including all escrows for taxes, insurance and other items of expense to be paid to third parties, and for such other and further relief as the Court may find just and equitable in the premises.

Respectfully submitted,

SAKER LAW OFFICES

/s/Theodore R. Saker, Jr.
Theodore R. Saker, Jr.          (0023292)
1374 King Avenue
Columbus, Ohio  43212
(614) 488-9900

Attorney for  Plaintiff(s)